

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 6, 1974

The Honorable Dolph Briscoe
Governor of Texas
State Capitol Building
Austin, Texas 78711

Opinion No. H- 252

Re: Whether individual or
corporate contributions to
expenses of National Council
of Governments, Texas
Southern Governors' Conference,
violates the provisions of
Art. 14. 01 Election Code or
Art. 6252-9c V. T. C. S. ?

Dear Governor Briscoe:

You have asked this office to determine if any provisions of the "Lobby Act" of 1973 or of the Campaign Reporting and Disclosure Act of 1973 apply to contributions by corporations or individuals to the expenses of the Southern Governors' Conference which will be sponsored by Texas in 1974.

You have explained that all contributions will either be used to defray the expenses of the Conference or, if any contributions remain, will revert to the parent organization-the Council of State Governments. In any event, no contributions will be made to you personally or to your office, rather contributions will be collected and disbursed by the Executive Host Committee of the 1974 Conference.

We do not believe that a contribution by an individual or corporation to defray the expense of the Conference is subject to the campaign reporting provisions of Chapter 14 of the Election Code. Those provisions control contributions that are made in opposition to or on behalf of a nominee, candidate or measure at a public election. The Southern Governors' Conference is certainly not a public election nor, in our opinion, would your participation be considered part of a campaign for public office. In fact, the Internal

Revenue Service, under similar circumstances, has ruled that money expended by a State in "hosting" a Governors' Conference is for an exclusively public purpose. Revenue Ruling 69-459.

Similarly, our opinion is that individuals and corporations contributing to the Conference do not have to register as lobbyists or report their contributions under Article 6252-9c, V. T. C. S. , the Lobby Act, so long as the contribution is not made "to influence legislation". Legislation is defined by the Act to mean "a bill, resolution, amendment, nomination, or other matter pending in either house of the legislature; any other matter which may be the subject of action by either house, . . . or any matter pending in or which may be the subject of action by a constitutional convention. " Article 6252-9c, § 2(2).

The Lobby Act, as a penal statute, is carefully drafted to reach only those persons who make contributions or expenditures for "communicating directly" with one or more members of the Legislative or Executive branches to influence legislation. Section 1 states the policy of the Lobby Act to be the public disclosure of activities and expenditures made to urge "specific actions" with respect to legislation.

In our opinion contributions to defray expenses of the Southern Governors' Conference, and used exclusively for such non-campaign expenses, are not covered by the provisions of the Campaign Reporting and Disclosure Act of 1973. Nor would such contributions, when unattended by direct communcation for the purpose of influencing legislation, be considered lobbying expenditures or activities for purposes of Article 6252-9c.

## SUMMARY

Contributions to defray the expenses of the
Southern Governors' Conference to be hosted by Texas
in 1974 are not subject to the campaign reporting provisions
of Chapter 14 of the Election Code, nor are the persons
who make them subject to the Lobby Act.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee